Dear Senator Boasso:
We have received your request for an Attorney General's opinion regarding the effects of the newly created Southeast La. Flood Protection Authorities on existing levee district police security personnel. The statutes creating the Authorities will become effective on January 1, 2007, if the required constitutional amendment is adopted.[1]
 Background: Act 1 of the 2006 1st Extraordinary Session enacted R.S. 38:330.1 et seq., Southeast Louisiana Flood Protection Authorities ("SLFPA").[2] R.S. 38:33.1(A) created the SLFPA-East and the SLFPA-WestBank (hereinafter referred to as "Flood Protection Authorities" or "Authorities"). These Authorities were created to exercise authority over, and have management, oversight and control of, the levee districts within their territorial jurisdictions[3] and are governed by Boards of Commissioners ("Authority Boards").[4] The Authority Board will replace the existing board of commissioners of the levee districts within its territorial jurisdiction.[5] The Authority Board will have the same authority as the prior levee board had, under current law, as well as any additional authorizations or restrictions included in the above-referenced enabling legislation. With this in mind, we will now address your questions.
Question 1: Do Flood Protection Authorities have the power orauthority to retain existing levee district police forces?
It is our opinion that a Flood Protection Authority may, at the discretion of its Board of Commissioners, retain existing police security personnel on behalf of a levee district *Page 2 
within its territorial jurisdiction. However, a Flood Protection Authority may not directly employ police security personnel on their own behalf, as will be discussed below. Flood Protection Authorities are levee districts.[6] Therefore, an Authority Board is authorized by R.S.38:326, at its discretion, to employ levee district police officers. However, the Authority Boards are also subject to R.S.38:330.7, which prohibits an Authority Board from directly employing police security personnel, and provides, in pertinent part, as follows:
§ 330.7 Police officers
 Each authority shall not directly employ police security personnel. However, the authority may enter into cooperative endeavor agreements with appropriate local law enforcement agencies or local governmental subdivisions to provide necessary police security services for levees or the authority may assume the rights and responsibilities of any existing cooperative endeavor agreements for police security services.
While an Authority Board may not directly employ police officers on its own behalf, it is not prohibited from employing police security personnel on behalf of a levee district within its jurisdiction.[7] Thus Authority Boards may, at their discretion, retain existing police security personnel on behalf of levee districts within their territorial jurisdiction.
(2) If a Flood Protection Authority decides to discontinueemploying existing police security personnel, may the leveedistrict continue to employ them?
No. Levee districts within the territorial jurisdiction of a Flood Protection Authority may not continue to employ police security personnel without the approval of the Authority Board. Effective Jan. 1, 2007,[8] the Authority Board replaces the levee board in all levee districts within the Authority's territorial jurisdiction. Thereafter, those levee districts may act only through the Authority Board.
(3) If an existing levee district police department isdisbanded by a Flood Protection Authority, will the personnel begiven sufficient notice to seek other employment?
A determination as to whether a group of employees is entitled to notice prior to termination or layoff is a question of fact which our office is not in the position to make. However, if any of these employees are in the state classified civil service, the Flood Protection Authority Board will be required to comply with all applicable Civil Service Rules. We note the following for your reference. *Page 3 
R.S. 38:330.5 provides, in pertinent part, as follows:
§ 330.5. Employees
 A. An authority may employ such employees as it deems necessary for its proper functioning. All employees of the authority and each levee district within the territorial jurisdiction of the authority shall be considered civil service employees for the purpose of Article X of the Constitution of Louisiana. Each employee of a levee district within the territorial jurisdiction of the authority who is in the unclassified civil service on December 31, 2006 shall remain in the unclassified civil service as long as the employee remains in the same position.
Classified state civil service employees are governed by Article 10 of the La. Constitution. More specifically, layoffs are addressed in Art. 10, Section 48(A)(3).[9] In general, these rules require the posting of a general notice of layoff, the submission of a layoff plan to the Department of Civil Service and the provision of notice to each affected employee. For information regarding these notice provisions and other rights of state classified civil service employees, we suggest you contact the La. Department of Civil Service.
(4) If a Flood Protection Authority continues to employ policesecurity personnel on behalf of a levee district within itsjurisdiction, can the levee district enter into a cooperativeendeavor with another levee district that does not have a policeforce, to patrol levees in the other district?
As stated above, a levee district can only act through its board. Effective January 1, 2007,[10] levee districts within the territorial jurisdiction of a Flood Protection Authority will be governed by its Authority Board.
R.S. 38:330.2(B) authorizes an Authority Board to enter into contracts and agreements of any nature on behalf of levee districts within its territorial jurisdiction. These contracts may be with persons, entities and instrumentalities of any kind necessary to carry out the purposes of the levee districts. We noted above that an Authority Board cannot directly employ police personnel, but it can employ them on behalf of a levee district within its jurisdiction. Thus an Authority Board may, at its discretion, enter into a cooperative endeavor on behalf of a levee district that has existing police security personnel to provide such services to another levee district that does not have security *Page 4 
personnel. All requirements for a constitutionally-sanctioned cooperative endeavor must still be met.[11]
We trust this adequately addresses your request. If you have additional questions, please contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ____________________________
 DENISE BROU FITZGERALD
 Assistant Attorney General
[1] See Act 43 of 2006 First Extraordinary Session of La. Legislature.
[2] Title 38, Chapter 4, Levee Districts, Part III-A.
[3] R.S. 38:330.1(A).
[4] R.S. 38:330.1(C)(1).
[5] R.S. 38:330.2(A).
[6] R.S. 38:330.1(A).
[7] It also allows an Authority to enter into a cooperative endeavor to obtain police security services on its own behalf, but only with local law enforcement agencies or other local governmental subdivisions.
[8] If proposed constitutional amendment is adopted. See Footnote No. 1.
[9] See also Chapter 17 of the Civil Service Rules which governs layoffs of classified civil service employees. These Rules can be found on the Dept. of State Civil Service Website atwww.dscs.state.la.us.
[10] If the constitutional amendment proposed in Act 43 of the 2006 First Extraordinary Session is adopted.
[11] See Atty. Gen. Op. Nos. 05-122, 04-112, 93-787, 93-164, and 92-722 for the three requirements of a constitutionally sanctioned cooperative endeavor. (1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.